UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
**Charlottesville Division**

| | |
|---|---|
| JULIE RITCHIE )<br>  Plaintiff, )<br>vs. )<br>ROGER GUNDEN )<br>  Defendants. )<br>_____ )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:24-cv-00006 |

# I. INTRODUCTION

1. In this fair housing action, plaintiff Julie Ritchie sues Roger Gunden, for disability discrimination and retaliation in violation of the federal Fair Housing Act and the Virginia Fair Housing Act in operation of apartment units.

# II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42 U.S.C. § 3613 in that the claims alleged herein arise under the Fair Housing Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiff's state law claims because those claims are related to plaintiff's federal law claim and arise out of a common nucleus of related facts, forming part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose in the city of Faber, within the Charlottesville Division of the Western District of Virginia.

### III. PARTIES

4. Plaintiff Julie Ritchie ("Ms. Ritchie") is a person with a disability as defined by the Fair Housing Act, 42 U.S.C. § 3602(h). She has been diagnosed with multiple disabilities, including but not limited to, bipolar disorder, severe post-traumatic stress disorder, depression, anxiety, and a cracked skull. Ms. Ritchie is treated regularly by a team of licensed medical care providers. Her disabilities substantially limit several of her major life activities, including her ability to regulate her emotions, concentrate, and engage in daily routine activities. Ritchie alleges that she was injured by defendants' discriminatory housing practices. Accordingly, Ritchie is an aggrieved person within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(i).

5. Defendant owns the rental property located at 174 River Road Faber, Virginia 22938. At all relevant times, Mr. Gunden was responsible for the operation and management of said rental property.

6. Defendant owns one rental property with two 1-bedroom apartments and two 2-bedroom apartments. That rental property lot qualifies as a "dwelling" under the Fair Housing Act, 42 U.S.C. § 3602(b).

## IV.  FACTUAL ALLEGATIONS

A. **Julie Ritchie ("Plaintiff) and her fiancé rent an apartment from Roger Gunden ("Defendant")**

7. Plaintiff contracted to rent an apartment unit from Defendant on or about May 31, 2020.

8. Plaintiff's residence in the Defendant's property was within 10 minutes of Plaintiff's current job.

B. **Julie Ritchie has disability that impacts her ability to function.**

9. Ms. Ritchie has a lifelong disability that affects her ability to function and healthily cope during times of heightened stress or when triggered from past trauma.

10. During her tenancy, Ms. Ritchie obtained two service dogs which improve the impacts and effects of her disability.

11. With the presence of the two assistance dogs, Ms. Ritchie has seen a big improvement in her ability to cope during times of stress and anxiousness.

12. The dog breed of her service animals is American Staffordshire Terrier.

C. **Defendant refused Ms. Ritchie's reasonable accommodation request.**

13. In April 2021, Mr. Gunden saw Ms. Ritchie's dogs and assumed they were pit bulls and told Ms. Ritchie that she cannot have pit bulls as pets on his property.

14. Ms. Ritchie explained that the dog breed of the emotional support dogs are not pit bulls but rather American Staffordshire Terriers.

15. Ms. Ritchie further explained to Mr. Gunden that the two dogs are her emotional support animals and that she had a doctor's note that explains the need for the animals.

16. Mr. Gunden said he needed to prove to his insurance company that the emotional support animals were not pit bulls.

17. Upon the Defendant's request, the Plaintiff provided the Defendants with a note from her veterinarian which stated their breed is American Stafffordshire Terriers.

18. On April 20, 2021, the Complainant contacted Housing Opportunities Made Equal ("HOME") for assistance.

19. After speaking with HOME, the Plaintiff submitted a reasonable accommodation in writing to the Defendants in response to the Defendant's objections to the Plaintiff's emotional support animals.

20. On April 29, 2021, the Defendant submitted a letter to the Plaintiff stating that her dogs have not been approved and cannot stay on the property. Despite all of the Plaintiff's neighbors in the Defendant's property having pets, the Defendant writes in the letter that the building has a "No Pets" policy. The Defendant further states in the letter that "If you want to get another dog, I will need to meet the dog and approve. Not just any dog will be approved. Pits bulls will not be approved".

21. On or around June 2021, in a recorded conversation, Ms. Ritchie had a conversation with the Defendant and the Defendant told Ms. Ritchie that the Fair Housing Act does not apply because he is not renewing Ms. Ritchie's lease.

**D. Defendant harasses the Plaintiff at her place of work about the emotional support dogs.**

22. After the Plaintiff received the letter saying that she had to get rid of the dogs or leave, the Defendant on multiple and separate occasions approached the Plaintiff at her place of employment, in front of her colleagues, asking if she found a new place for her dogs.

5

23. On each occasion of the visits to the Plaintiff's place of employment, the Plaintiff asked the Defendants to stop coming to her place of employment asking about the removal of the dogs and asked to keep her personal and home life separate from her work life.

**E. Defendant did not renew the lease because the Plaintiff did not remove or replace the emotional support dogs.**

24. On April 29, 2021, the Defendant submitted a letter to the Plaintiff stating that dogs were not approved and that they could not stay on the property. In the letter, the Defendants states that "Your current lease expires May 30, 2021. If you continue to keep the dogs the lease will not be renewed".

25. The Plaintiff did not remove her emotional support animals from the property because she needed them for her disability, they were not pit bulls, and because her neighbors did not have to abide by the "No Pet" policy.

26. On May 31, 2021, the Defendants did not renew the Plaintiff's lease.

27. On June 1, 2021, the Plaintiff was able to receive an extension of two weeks which made her last day in the apartment Tuesday, June 15, 2021.

**F. Ms. Ritchie contacts Housing Opportunities Made Equal for Assistance**

28. On April 20, 2021, the Complainant contacted Housing Opportunities Made Equal ("HOME") for assistance.

29. After speaking with HOME, the Plaintiff submitted a reasonable accommodation in writing to the Defendants in response to the Defendant's objections to the Plaintiff's emotional support animals.

30. Defendant, Mr. Gunden, did not grant the reasonable accommodation and told Ms. Ritchie in a letter that her dogs were not approved and that her lease would not be renewed if she did not get rid of the dogs or find replacement dogs upon approval.

31. On May 31, 2021, the Defendant did not renew the lease. On June 1, 2021, the Defendant allowed an extension of two weeks to leave and find alternative housing which made her last day in the apartment Tuesday, June 15, 2021.

32. On June 8, 2021, the Plaintiff consulted with HOME and then submitted a second reasonable accommodation letter to the Defendant for him to provide to his insurance company regarding their breed restriction.

## V. DISCRIMINATORY HOUSING PRACTICES

33. Defendants engaged in a pattern or practice of discrimination, injuring Ms. Ritchie by committing discriminatory housing practices, including:

    a. Making unavailable or denying a dwelling to any person because of disability, in violation of 42 U.S.C. § 3604(f)(1);

    b.      Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

    c.      Refusing to make a reasonable accommodation in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3).

    d.      Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, or on account of her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected under the Fair Housing Act, in violation of 42 U.S.C. § 3617.

## VI. INJURIES

34.    As a result of defendants' discriminatory practices, Ms. Ritchie suffered loss of an important housing opportunity, emotional distress, including humiliation, and mental anguish and violation of her civil rights. Accordingly, Ms. Ritchie is entitled to compensatory damages.

35. In doing the acts of which Ms. Ritchie complains, the Defendants acted with reckless disregard for the requirements of the Fair Housing Act and Ms. Ritchie's federally protected rights. Accordingly, Ms. Ritchie is entitled to punitive damages.

36. There now exists an actual controversy between the parties regarding defendants' duties under federal and state law. Accordingly, Ms. Ritchie is entitled to declaratory relief.

37. Unless enjoined, the Defendant will continue to engage in the unlawful practices alleged in this complaint. Ms. Ritchie has no adequate remedy at law. She is now suffering and will continue to suffer irreparable injury as a result of the Defendants' discriminatory and unlawful conduct unless relief is provided by this Court. Accordingly, Ms. Ritchie is entitled to injunctive relief.

## VII. CLAIMS

### A. First Claim: Federal Fair Housing Act

38. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

39. Defendant injured Plaintiff by committing discriminatory housing practices in violation of the Fair Housing Act.

### B. Second Claim: Virginia Fair Housing Law

40. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

41. Defendant injured Plaintiff by committing discriminatory housing practices in violation of Virginia Fair Housing Law.

### C. Third Claim: Negligence

42. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

43. Defendant injured Plaintiff by his want of ordinary care or skill in the management of her property or her agents in violation of Virginia common law negligence.

### D. Fourth Claim: Retaliation

44. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

45. Defendant injured Plaintiff by harassing retaliating against my Plaintiff by pressuring her to leave or find somewhere else for the dog to go in violation of the Federal Fair Housing Act and the Virginia Fair Housing Act.

## VIII. RELIEF

WHEREFORE, plaintiff prays for entry of a judgment against defendants and each of them that:

1. Award compensatory damages pursuant to plaintiff's federal claim
2. Awards punitive damages pursuant to plaintiff's federal claim
3. Declares that the defendant violated the Fair Housing Act
4. Enjoins all unlawful practices alleged in this complaint and imposes affirmative injunctive relief requiring the defendant, their contractors, agents, employees, assignees, and any other person acting in concert or participating with them to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of disability;
5. Awards costs of suit, including reasonable attorneys' fees; and,
6. Awards all such other relief as the Court deems just.

## IX. JURY DEMAND

Plaintiff demands trial by jury.
Dated: February 8, 2024
                                              Respectfully submitted,

BY: *s/Moriah J. Wilkins*
Moriah J. Wilkins (VSB No. 97286)
Housing Opportunities Made Equal of Virgnia, Inc.
626 East Broad Street, Suite 400
Richmond, VA 23219
Phone: (804) 905-6793
Fax: (804) 354-0690  mwilkins@homeofva.org