CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 17, 2024
LAURA A. AUSTIN, CLERK
BY   s/ S. MELVIN
         DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JULIE RITCHIE,<br><br>　　　　　　　　　　*Plaintiff,*<br>v.<br>ROGER GUNDEN,<br><br>　　　　　　　　　　*Defendants.* | Case No. 3:24-cv-00006<br><br>MEMORANDUM OPINION ORDER<br><br>Judge Norman K. Moon |

　　　　This matter comes before the Court on Plaintiff's motion for reconsideration, Dkt. 34. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

　　　　**I.**　　**Background**

　　　　Plaintiff Julie Ritchie brings suit against Defendant Roger Gunden, her former landlord, based on his alleged failure to accommodate her emotional support dogs and refusal to renew her lease. Dkt. 1. Plaintiff alleges retaliation and failure to make reasonable accommodation in violation of the Fair Housing Act and the Virginia Fair Housing Law, as well as common law negligence. *Id.* After Defendant moved to dismiss her claims based on negligence and retaliation, *see* Dkt. 6, the Court dismissed all of Plaintiff's claims for failure to state a claim, except for Plaintiff's reasonable accommodations claims. Dkt. 31.

　　　　Thereafter, Defendant filed a Motion in Limine or, In the Alternative, Motion to Extend Deadlines. Dkt. 24. Defendant stated that Plaintiff's Witness List includes Dr. Kranthikiran Earasi, M.D., whose anticipated testimony topic is **"[Plaintiff's] need for emotional support animals due to her disabilities."** Dkt. 25-1 at 2. Defendant argued that this did not fulfill the requirements for expert witness disclosure as laid out in the Pretrial Order, Dkt. 7. Defendant

1

requested either that Dr. Earasi not be permitted to provide expert testimony or that, if Plaintiff were permitted to supplement her Witness List with appropriate expert disclosures, Defendant be afforded time to retain and disclose an expert. Dkt. 25 at 5.

The Court granted Defendant's motion, *see* Dkt. 31, turning to the Federal Rules of Evidence. The Court found that, because Dr. Earasi is not designated as an expert witness, Plaintiff is not permitted to offer opinion testimony by Dr. Earasi which draws on his specialized knowledge as a physician. *See* Dkt. 31 at 1-2 (citing Fed. R. Evid. 701-702). Taking issue with this ruling, Plaintiff moved for reconsideration of the Court's order, Dkt. 34, which Defendant opposed, Dkt. 35.

In her motion, Plaintiff argues that Dr. Earasi can testify as a *lay witness* as to Ritchie's disability and her need for an assistance animal. Plaintiff contends that Dr. Earasi would be testifying based on his actual knowledge as Plaintiff's treating physician, and that this makes him a lay witness who has no expert reporting requirements.

The Court finds mostly to the contrary. The Court concludes that Dr. Earasi constitutes an expert witness to the extent that his testimony comes in the form of an opinion and draws from his specialized medical knowledge. This finding is not changed by the fact that Dr. Earasi is Plaintiff's treating physician, and therefore Dr. Earasi would still be bound by Federal Rule of Civil Procedure 26(a)(2). By the same token, however, the Court acknowledges that Dr. Earasi may testify as a lay witness as to facts about the Plaintiff which he has personally observed during the course of treatment as Plaintiff's treating physician.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

the parties" may be revisited by the court at any time before an entry of final judgment. Fed. R. Civ. P. 54(b). However, motions for reconsideration of such decisions are disfavored and should be granted "sparingly." *Wootten v. Commonwealth. of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016). Reconsideration is not meant to "re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial second bite at the apple to a dissatisfied litigant." *Id.* (internal quotations omitted). Accordingly, grounds for a Rule 54(b) motion for reconsideration are limited to (1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice. *Id.*

### III.  Discussion

Plaintiff originally proposed, in her witness list provided to the Court and opposing counsel, that Dr. Earasi "will give testimony on Ms. Ritchie's need for emotional support animals due to her disabilities." Dkt. 25-1 at 2. In ruling on Defendant's motion in limine to exclude such testimony, the Court found that, because Dr. Earasi is not designated as an expert witness, Plaintiff is not permitted to offer opinion testimony by Dr. Earasi which draws on his specialized knowledge as a physician. *See* Dkt. 31 at 1-2.

Plaintiff moves for reconsideration of this decision. Though not stated, Plaintiff appears to base her motion for reconsideration in the Court committing a "clear error of law." Plaintiff argues that the Court erred when it found that Plaintiff's witness, Dr. Earasi, could not offer lay testimony regarding how Plaintiff's disability created her need for an emotional support animal. Dkt. 34 at 1. Plaintiff argues that Dr. Earasi's testimony "falls within the purview of lay testimony," Dkt. 34 at 1, and that Dr. Earasi as her "treating physician" need not be designated as an expert if his testimony is based on personal observations made during treatment." Dkt. 34 at

3

3. By this argument, Plaintiff misapprehends two important legal distinctions: the distinction between expert and lay testimony, and the distinction between expert reporting requirements under Rule 26(a)(2)(B) and Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. Plaintiff also fails to identify a clear error of law. Accordingly, the Court hereby denies Plaintiff's motion for reconsideration and seeks to address a pattern of confused briefing on these issues. The Court finds, first, that Dr. Earasi provides expert testimony to the extent that his testimony provides an opinion which draws on his specialized medical knowledge, such as opining on the extent to which Plaintiff's disability causes her to need an assistance animal. Second, the Court finds that Dr. Earasi is not retained as an expert but nonetheless must make certain disclosures under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure and under this Court's pretrial order, Dkt. 5.

### A. Distinction Between Lay and Expert Testimony

Federal Rule of Evidence 701 permits lay witnesses to provide opinion testimony if the testimony is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) *not based on scientific, technical, or other specialized knowledge* within the scope of Rule 702. See Fed. R. Evid. 701 (emphasis added). Accordingly, lay witnesses may not provide opinion testimony based on "scientific, technical, or other specialized knowledge," as such testimony must be given by witnesses who qualify as *experts* under Rule 702. See Fed. R. Evid. 702.

Here, Plaintiff proposes that Plaintiff Dr. Earasi "will give testimony on Ms. Ritchie's need for emotional support animals due to her disabilities," Dkt. 25-1 at 2, and she argues that such testimony is lay testimony. Dkt. 34 at 2. Plaintiff seeks to explain that Dr. Earasi's testimony will be based on actual knowledge, as opposed to specialized knowledge. Dkt. 34 at 5.

Without the benefit of a fuller explanation of the proposed testimony, the Court finds that

any testimony by Dr. Earasi which draws on his specialized knowledge as a physician would be considered expert testimony governed by Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 26(a)(2). Such testimony by Dr. Earasi might include, for example, the physician's opinion as to the degree to which Plaintiff's disabilities cause her to need emotional support animals to enjoy her housing. Although Plaintiff argues that Dr. Earasi could give this testimony solely based on the physician's "actual knowledge," Dkt. 35 at 35, Dr. Earasi's "actual knowledge" of Plaintiff's disability is based on the physician's application of his medical or therapeutic expertise to Plaintiff's situation. Accordingly, it constitutes expert testimony.

However, simply because the Court finds that some of Dr. Earasi's opinions would be expert testimony does not mean he is entirely precluded from testifying as a lay witness. For example, Dr. Earasi would not be precluded from providing fact testimony based on his personal knowledge, e.g., testifying that Plaintiff has indeed been diagnosed with and sought treatment for a mental health disability, and that Dr. Earasi provided a reasonable accommodations letter based on such treatment, if true. Plaintiff appears to propose much more than fact testimony, though, in proposing that Dr. Earasi "will give testimony on Ms. Ritchie's *need* for emotional support *animals due to her disabilities*." Dkt. 25-1 at 2. Such a proffer clearly evinces an element of causation that requires specialized medical knowledge to demonstrate why a certain disability causes Plaintiff to need an emotional support animal for her housing.

      **B.**    **Distinction Expert Reporting Requirements Under Rule 26(a)(2)**

Plaintiff further argues that a special case is made for a witness who is the party's treating physician, as Dr. Earasi is for Plaintiff. While it is true that a treating physician need not file a 26(a)(2)(B) report, Plaintiff is incorrect to say that this means such a physician is no longer an expert and no longer has reporting requirements.

A party's intention to submit expert evidence at trial triggers important discovery requirements under Rule 26(a)(2) of the Federal Rules of Civil Procedure. A party "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). If the expert witness is "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," then the expert must provide a comprehensive written report which contains, *inter alia*, a "complete statement of all opinions," the basis and reasons for such opinions, and the witness's qualifications. Fed. R. Civ. P. 26(a)(2)(B). Alternatively, if the expert is not specifically retained to provide expert testimony, then the expert need not provide a comprehensive written report but still must disclose the "subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

The Advisory Committee notes to Rule 702 specifically emphasize that physicians are considered "experts in the strictest sense." Fed. R. Evid. 702. Courts have held that a treating physician's testimony about a patient's diagnosis, prognosis, and future medical care is based upon "scientific, technical, or other specialized knowledge," thus requiring expert designation under Fed. R. Civ. P. 26(a)(2)(A). *Roop v. Desousa*, 660 F. Supp. 3d 477, 499-500 (E.D. Va. 2023). However, treating physicians are not ordinarily required to file Rule 26(a)(2)(B) expert reports, as they are not typically "retained or specially employed to provide expert testimony." *See Perkins v. United States*, 626 F.Supp.2d 587, 590 (E.D.Va.2009); *see also Kristensen ex rel. Kristensen v. Spotnitz*, No. 3:09-CV-00084, at *1, 2011 WL 5320686 (W.D. Va. June 3, 2011) (Moon, J.). For instance, an expert written report under Rule 26(a)(2)(B) is not necessarily

6

required when a treating physician is compensated to attend a deposition, write a letter summarizing treatment, or testify at trial. *Perkins*, 626 F.Supp.2d at 590. Furthermore, if a treating physician forms an opinion of the causation of an injury during the ordinary treatment of the patient, then the physician may express this opinion without disclosing a written report. *Id.*; *see also Roop v. Desousa*, 660 F. Supp. 3d 477, 484 (E.D. Va. 2023) ("[A] treating physician need not be designated as an expert and may testify as a lay witness to personal observations stemming from his course of treatment of a plaintiff.").

However, a party seeking to submit testimony of a treating physician must still comply with Rule 26(a)(2)(C) by disclosing the "subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). And the leeway for treating physicians only goes so far: where important issues of causation arise requiring testimony *based on medical expertise*, such testimony must be conveyed through expert testimony accompanied by a Rule 26(a)(2)(B) report. *Roop*, 660 F. Supp. 3d at 484 ("Some types of causation, however, require an expert designated to opine on such issues, and almost all cases are strengthened by expert opinions on causation.").

Here, the Court finds that Dr. Earasi is Plaintiff's treating physician and need not file an expert report under Rule 26(a)(2)(B). Nonetheless, to the extent that Plaintiff proffers testimony which is expert testimony, Dr. Earasi must still comply with Rule 26(a)(2)(C) by disclosing the "subject matter on which the witness is expected to present" and "a summary of the facts and opinions to which the witness is expected to testify." Furthermore, this Court's pretrial order, Dkt. 7, provided that a non-retained expert must also provide the basis for such opinions. Dkt. 7 at 5. Here, Plaintiff proposed that Dr. Earasi "will give testimony on Ms. Ritchie's need for

7

emotional support animals due to her disabilities." Dkt. 25-1 at 2. This does not suffice under Rule 26(a)(2)(C) or this Court's pretrial order, because Plaintiff has not provided a summary of Dr. Earasi's opinions or the basis for such opinions.

### IV. Conclusion

Plaintiff's motion for reconsideration, Dkt. 34, is **DENIED**.

It is so **ORDERED**.

The Clerk of Court is directed to send this opinion to all counsel of record.

Entered this 17th day of September 2024.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE